## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Melanie Stranko**, | |
| Plaintiff, | Case No.   2:21-cv-71 |
| v. | |
| **Reward Zone USA, LLC,** | Complaint and Demand for Jury Trial |
| Defendant. | |

## <u>COMPLAINT</u>

**Melanie Stranko** (Plaintiff), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Reward Zone USA, LLC** (Defendant):

### INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

### JURISDICTION AND VENUE

2.    This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. <u>See</u> <u>Mims v. Arrow Fin. Servs., LLC</u>, 565 U.S. 368, 386-87 (2012) (confirming that 28 U.S.C. § 1331 grants

the United States district courts federal-question subject-matter jurisdiction to hear private civil suits under the TCPA).

3.     This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of Pennsylvania and because the occurrences from which Plaintiff's cause of action arises took place and caused Plaintiff to suffer injury in the State of Pennsylvania.

4.     Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5.     Plaintiff is a natural person residing in Greensburg, Pennsylvania 15601.

6.     Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.     Defendant is a corporation with its headquarters located at 128 Court Street, 3rd Floor, White Plains, NY 10601 and can be served via its registered agent at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

8.     Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

10.     Defendant sent unsolicited text messages to Plaintiff on her personal cellular telephone ending in 8043 on dates including but not limited to: January 28, 2020, February 25, 2020, and two messages on March 19, 2020.

11.     Plaintiff has only used the number ending in 8043 as a personal cellular telephone.

12.     Plaintiff did not consent to these text messages.

13.     Plaintiff has been on the do not call registry since February 20, 2009.

14.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

15.     Defendant's text messages were not made for "emergency purposes".

16.     Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(B)

17.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

18.     The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such

calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

23.    Defendant initiated multiple text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

24.    The dialing system used by Defendant to call Plaintiff's cellular telephone calls telephone numbers without being prompted by human intervention before each call.

25.    The dialing system used by Defendant to call Plaintiff has the present and/or future capacity to dial numbers in a random and/or sequential fashion.

26.    Defendant's text messages were not made for "emergency purposes."

27.    Defendant's text messages to Plaintiff's cellular telephone without any prior express consent.

28.    Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since February 20, 2009.

29.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## DEFENDANT VIOLATED THE TCPA 47 U.S.C. § 227(C)

32.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

33.     The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or her telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

34.     Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since February 20, 2009.

35.     Defendant texted Plaintiff on two or more occasions during a single calendar year despite Plaintiff's registration on the Do Not Call list.

36.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

37.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

38.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **Melanie Stranko,** respectfully prays for judgment as follows:

a.     All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b.     Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c.     Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d.     Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e.     Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f.     Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c);

g.      Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **Melanie Stranko,** demands a jury trial in this case.

Respectfully submitted,

Dated: 01/14/2021

By: _s/ Amy L. Bennecoff Ginsburg_
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: 215-540-8888
Facsimile: 877-788-2864
Email: teamkimmel@creditlaw.com